IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN E. GUNSALLUS**, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | FILED ELECTRONICALLY |
| | : | |
| **UNIVERSITY OF PITTSBURGH MEDICAL CENTER,** | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

## NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is an action for damages and other relief, arising from unlawful practices by Defendant in the employment of the Plaintiff.   Plaintiff brings claims under federal law, including, *inter alia*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*, (the "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Pennsylvania Human Relations Act, and other violations arising under federal law, state law and common law.

2.      This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), and under the Americans with Disabilities Act and Age Discrimination in Employment Act generally.

3.      Venue is proper in this judicial district because all parties reside, are officed, or otherwise are found herein, and the causes of action arose herein, and the violations of the Act occurred in this District.

## PARTIES

4.      Plaintiff is **Susan E. Gunsallus,** an adult female individual residing at 1403 Laurel Run Road, Beech Creek, Clinton County, Pennsylvania, who is an employee of Defendant as defined by the Acts.

5.      Defendant **University of Pittsburgh Medical Center** is a corporation and health care provider with a business location central to the events described herein at 600 High Street, Williamsport, Lycoming County, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      The Plaintiff exhausted remedies through her attempts to utilize internal and organizational administrative processes.

7.      The Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") which was dual filed with the

Pennsylvania Human Relations Commission.  The EEOC, in turn, a 90 Day Notice
of Right to Sue Letter dated November 30, 2020.

8.    A true and correct copy of that right-to-sue letter is attached to this
Complaint as Exhibit "A".  No other action based on the aforesaid allegations has
been instituted by the Plaintiff in any court within the Commonwealth of
Pennsylvania.

9.    Plaintiff utilized all internal procedures relating to the incidents
alleged within this Complaint.

10.    The Plaintiff has performed all conditions precedent, if any, required
for the filing and pursuit of this claim for judicial relief.

## FACTS

11.    Plaintiff was, at relevant times addressed herein, an employee of the
Defendant.

12.    Defendant and has been at all relevant times an employer within the
meaning of the Americans with Disabilities Act of 1990 ("ADA") as amended, and
the Age Discrimination in Employment Act, as amended, and employees greater
than 500 persons within the Commonwealth.

13.    On several occasions, Plaintiff requested a reasonable accommodation

for her disability.

14.     Plaintiff's records of employment and treatment demonstrate persistent and long-standing symptoms Panic Disorder, Depression, and Post-Traumatic Stress Disorder.

15.     Plaintiff's disability meets physical criteria and the criteria under the DSM, which is the official manual for the psychiatric and related professions, defines mental disabilities, and is prepared and published by the American Psychiatric Association.

16.     Plaintiff's disability evidences symptoms as outlined by the American Academy of Family Physicians.

17.     Plaintiff's disability affects basic life functions including, but not limited to, lifting, thinking, concentrating, learning, communicating, and interacting with others.

18.     These serious impairments can, however, be reduced by making simple and reasonable accommodations in the areas of time, lifting assistance, level of supervision, communicating assignments, methods of instruction, training, guidance or feedback.

19.     Plaintiff   requested,   on   numerous   occasions,   reasonable

4

accommodations related to her disability, which was exacerbated by the Defendant's conduct.

20.     The employer was aware of Plaintiff's disability at all relevant times, beginning, at latest, in April 2020, subsequent to her transfer in March 2020 to the In-Patient Rehabilitation Unit at the Williamsport Hospital.

21.     The accommodations noted above and in Plaintiff's requests are reasonable.

22.     The accommodations noted above and in Plaintiff's requests do not present an undue burden or hardship on the employer.

23.     Plaintiff's disability does not preclude her from accomplishing satisfactorily all required job functions provided with reasonable accommodations.

24.     Plaintiff is a qualified 63-year-old individual with a disability under the Acts.

25.     The Defendant employer refused to grant the requested accommodation or propose any good faith alternative accommodations.

26.     The Defendant employer failed to make any reasonable effort to determine reasonable accommodations or consider those accommodations deemed necessary by Plaintiff's health care providers.

27.     The Defendant employer failed to comply with its obligations under the Act, including engaging in good faith, meaningful, and timely engagement in the interactive process.

28.     In April 2020, Plaintiff notified supervisors of her disabilities and noted, in addition, she was not properly trained in lifting rehabilitation patients in connection with her transfer.

29.     In the subsequent months, Plaintiff was unjustifiably disciplined for work performance, resulting in exacerbation of her conditions and requiring additional treatment for her conditions, and threatened her with termination on December 31, 2020.

30.     Even after the initial denials of the Defendant employer to provide accommodations, Plaintiff continued to request reasonable accommodations, and additionally applied for suitable alternative positions with the employer for which she was qualified and which she could perform despite her disabilities.

31.     Each and every request for accommodation by Plaintiff was refused by the Defendant employer, and the employer refused to consider her for the alternative positions for which she applied, because of and in retaliation for her age and disabilities and requests for accommodation and other attempts to assert her

rights under the Acts.

32.     After each and every request for accommodation, the Defendant employer failed to investigate or utilize reasonable effort to identify appropriate accommodations for Plaintiff, and arbitrarily disregarded the uncontested opinions of Plaintiff's health care providers.

33.     Plaintiff's supervisors knew and noted that Plaintiff wished to be accommodated.

34.     Plaintiff's supervisors continued at all relevant times to retaliate against her due to her age and disabilities in the manners described above.

35.     Plaintiff's supervisors interfered with the performance of her job duties by turning patients against her and soliciting them to submit complaints without merit.

36.     Defendant's failure to provide accommodations requested and failure to investigate or identify alternative reasonable accommodations were material to the deficiencies alleged.

37.     Defendant discriminated against Plaintiff relative to her age and it is believed and therefore averred that her duties have been reassigned and a job was granted to younger individuals.

38.   In July 2020, Plaintiff again noted to the Defendant's Human Resources Representative that Plaintiff and at least two other individuals were being discriminated against due to their age.

39.   As a result of Plaintiff's disabilities, age, and denied requests for accommodation, the work environment was made increasingly hostile by the Defendant.

40.   Defendant continued to issue unsatisfactory evaluations and discipline as a result of Plaintiff's disability which was not accommodated, and in retaliation for his actions, including making accommodation requests and writing letters and/or emails, taken in furtherance of the purposes of the Act and in furtherance of his attempts to obtain accommodation.

41.   The alleged deficiencies in Plaintiff's work and/or behavior culminating in her threatened termination directly resulted from discrimination due to his disability and from Defendant's failure to make reasonable accommodations, retaliation for her requests for relief pursuant to the Acts, and due to her age.

## COUNT I – AMERICANS WITH DISABILITIES ACT

42.   Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1- 41 of this Complaint, as if fully stated herein.

43.    Defendant is in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.   The ADA requires employers to investigate and offer reasonable accommodations for qualified persons with disabilities, and forbids discrimination against such persons on the basis of their disabilities.

44.    Plaintiff is protected by the ADA as she is a person with a disability as that term is defined by the statute.   Plaintiff has "physical or mental impairment[s] that substantially limits one or more of his major life activities."   The life activities which are substantially limited in this case are thinking, learning, concentration, expression, and other basic life functions.

45.    The purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."   42 U.S.C. § 12101(b)(1).   Among its findings, Congress declared that:

> [T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(9).

46.     Defendant here has willfully and flagrantly violated the provisions of the ADA which provide for the granting of reasonable accommodations to qualified individuals with disabilities, the procedures for doing so, and by retaliating against her.

47.     Because of her disability, Plaintiff requires reasonable accommodations in the course of his employment. Defendant has refused to grant accommodations necessary to make her position accessible to him on a continuing basis as a person with a disability or to consider her for positions for which she applied and was qualified to perform with or without reasonable accommodations. Accordingly, Defendant has discriminated against Plaintiff.

48.     Defendant has discriminated against Plaintiff on the basis of her disability in assessing her with unfair discipline, harassment, termination threats, and in the other manners addressed herein.

49.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer injury, including but not limited to those items noted in the paragraphs above and subsequent.

## COUNT II – RETALIATION (ADA)

50.     Plaintiff realleges and incorporates by reference the allegations set

forth in Paragraphs 1- 49 of this Complaint, as if fully stated herein.

51.     Plaintiff engaged in protected activity, including good faith, reasonable opposition to the Defendant's actions of refusing to provide reasonable accommodations and discriminating against her due to her disability.

52.     Plaintiff is a covered individual in that she requested accommodation relating to disability and opposed Defendant's failure to grant reasonable accommodations.

53.     Plaintiff is a covered individual in that she opposed Defendant's discriminatory practices.

54.     Defendant engaged in adverse actions against Plaintiff as a result of her protected activities.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of income and benefits of employment, mental anguish, and other pecuniary and non-pecuniary losses.

## COUNT III – PENNSYLVANIA HUMAN RELATIONS ACT

56.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1- 55 of this Complaint, as if fully stated herein.

57.     Defendant engaged in illegal discrimination against Plaintiff on the

basis of disability and age in violation of the Pennsylvania Human Relations Act, 44 Pa. Stat. § 951, *et seq.*

58.     Defendant is an Employer within the meaning of the Act.

59.     Plaintiff has a record of having a disability and/or impairment.

60.     Discrimination and retaliation against Plaintiff on the basis of her disability and age include but is not limited to:   repeated threat and insult; promulgation of information relating to Plaintiff in order to preclude further or other employment; refusal to consider Plaintiff for employment; increased surveillance; and threatened termination.

61.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of income and benefits of employment, mental anguish, and other pecuniary and non-pecuniary losses.

62.     Defendant's conduct was perpetrated with ill will, malice, and willful and reckless disregard for Plaintiff's rights.


## COUNT IV – RETALIATION (PHRA)

63.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1- 62 of this Complaint, as if fully stated herein.

64.    Plaintiff reported to supervisors conduct that she reasonably believed constituted illegal discrimination against her on the basis of disability in violation of the Pennsylvania Human Relations Act.

65.    Defendant knew about Plaintiff's reports and punished her in the manners noted above.

66.    Defendant's conduct was perpetrated with ill will, malice, and willful and reckless disregard for Plaintiff's rights.

67.    Defendant's conduct violates the Pennsylvania Human Relations Act, 443 Pa. Stat. § 951, *et seq*.

68.    As a direct and proximate result of Defendant's retaliatory action, Plaintiff has suffered and continues to suffer injury, including but not limited to those items noted above.

## COUNT V – ADEA

69.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1- 68 of this Complaint, as if fully stated herein.

70.    Defendant is an employer, and holds itself out as such, within the meaning and as defined by the Age Discrimination in Employment Act, as amended.

71.    At all relevant times, Plaintiff was over 40 years of age, and Defendant denied Plaintiff employment positions and discriminated against her in favor of younger individuals.

72.    Defendant knew about Plaintiff's complaints and attempts to remedy the situation, and punished her in the manners noted above.

73.    Defendant's conduct was perpetrated with ill will, malice, and willful and reckless disregard for Plaintiff's rights.

74.    Defendant's conduct violates the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

75.    As a direct and proximate result of Defendant's discrimination and retaliatory actions, Plaintiff has suffered and continues to suffer injury, including but not limited to those items noted above.

## **REMEDIES AND RELIEF**

76.    The Plaintiff is entitled to all relief available under law against the Defendant, including injunctive, equitable and compensatory remedies, which relief includes but is not limited to an award of monetary damages equal to lost or diminished wages, employment benefits and compensation, with interest; statutory liquidated damages; costs and expenses; and reasonable attorneys' fees as allowed

by law.

77.    The Plaintiff respectfully requests that the Court enter judgment in her

favor and against the Defendant and direct the following relief:

   (A)   Damages in an amount equal to:

      (i)    A sum that makes the Plaintiff whole, including but not

             limited to:  an award of back pay, any bonuses, incentive

             pay or other compensation that was denied, reduced or

             diminished, benefits and other compensation, with

             adjustments to her retirement and employment benefits,

             with interest thereon;

      (ii)   Liquidated or statutory damages in the amounts and

             percentages provided or otherwise allowed under each

             applicable statute providing liquidated damages for

             discrimination, retaliation, or denial of pay or benefits;

      (iii)  All costs and expenses associated with these claims;

      (iv)   Such other relief as this Court finds applicable and

             appropriate; and

      (iv)   Reasonable attorneys' fees as allowed by law.

(B)     An Order granting all appropriate equitable relief available to Plaintiff, including:

(i)     Granting of all rights, privileges and duties, including her salary, rank, seniority, title, classification and any right or privilege she should have enjoyed;

(ii)    Prohibiting the Defendant or any employee thereof from retaliating against the Plaintiff in any way for pursuing any legal right or remedy available to her;

(iii)   Eliminating all unlawful discriminatory practices and procedures and remedying the discriminatory effect of past practices and procedures;

(iv)    Taking further affirmative action necessary and appropriate to remedy the violations complained of herein;

(v)     Providing such further relief as this Honorable Court deems necessary and appropriate, including reimbursement for all reasonably incurred attorneys' fees and costs; and

       (vi)    Retaining jurisdiction over this action until the Defendant has fully complied with Orders of this Court and that the Court require Defendant to file such reports as may be necessary to supervise such compliance.

78.    The Plaintiff respectfully further requests that the Court enter judgment in her favor and against the Defendant for such other and further relief as may be just and proper.

## JURY DEMAND

79.    The Plaintiff hereby demands a trial by jury on all eligible issues in this action.

**WHEREFORE,** the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant.

Respectfully Submitted,

Dated:                              s/ Jeffrey R. Schott
                                    Jeffrey R. Schott, Esquire (PA 83164)